STATE OF MONTANA,
    Plaintiff,                                        No. DC-99-42
vs.                                                   Decision
JOHN S. DIXON,
    Defendant.

On February 23, 2000, the defendant was sentenced to thirty (30) years in the Montana State Prison, with ten (10) years suspended. The defendant is not eligible for parole until he completes the sexual offender treatment program.

On August 24, 2000, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by David Stenerson. The state was represented by Geoffrey Mahar.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

It is the unanimous decision of the Sentence Review Board that the sentence shall be amended to fifty (50) years in the Montana State Prison, with thirty (30) years suspended. Further, the Board lifts the parole restriction. As long as the defendant remains in some type of a sexual offender treatment program, he can be in that program within a community setting. The Board imposes an additional condition on this sentence, and that is that the defendant may not reside, or at any time be present, in Ravalli County or any county that is adjacent to or within fifty (50) miles of Ravalli County.

The reason for the amended sentence is that the sentence, as imposed, is clearly inadequate and should have a lengthier period of a suspended sentence on the end, partly because of the intelligence of the defendant and the fact that he committed a similar offense many years ago. The defendant clearly has the ability to groom a victim and to find his way into the trust of people who will be victimized by him, and will continue to have that ability. The Board feels it is absolutely necessary that the defendant be supervised for a very extended period

of time. Additionally, it is important for the protection of this victim and his family that they not be subjected to contact with the defendant and that a condition needs to be imposed that will restrict the defendant's ability to have even inadvertent contact with the victim.

Done in open Court this 24th day of August, 2000.
DATED this 11th day of September, 2000.
Acting Chairwoman, Hon. Marge Johnson, Member, Hon. David Cybulski, Alt. Member, Hon. John Whelan.